IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs on December 21, 2001

## TOWN OF GREENEVILLE v. JACK COBBLE, and wife, BRENDA K. COBBLE

**Direct Appeal from the Circuit Court for Greene County**
**No. 98CV022      Hon. Kindall T. Lawson, Circuit Judge**

**FILED JANUARY 31, 2002**

**No. E2001-00869-COA-R9-CV**

Trial Court refused to grant partial summary judgment as to the extent of land taken. On appeal, we reverse.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

G. P. Gaby, Greenville, Tennessee, for Appellant.

J. Ronnie Greer, Greeneville, Tennessee, for Appellees.

**OPINION**

This is an interlocutory appeal pursuant to Tenn. R. App. P. Rule 9, from the Trial Court's refusal to grant plaintiff a partial summary judgment.

Plaintiff brought this action to condemn a small tract of defendants' property for the purpose of a perpetual easement for the installation of a pole and base to provide for traffic control signals at an intersection in the town of Greenville. Defendants allege that in addition to the land sought to be taken, that plaintiff had taken property of the defendants on the other side of the road, as well, which plaintiff denied, and filed a motion for partial summary judgment on this issue. The issue of whether plaintiff was entitled to a partial summary judgment comes to us with no presumption of correctness, as it involves a question of law.

The record reveals that the property that the defendants acquired was surveyed on

September 20, 1996, and defendants obtained an executor's deed dated October 3,1996, and the metes and bounds incorporated in that deed from the survey do not include the remnant of property on the opposite side of the road, which the defendants insist they own. Defendants stake their claim on the small remnant to a statement in defendants' deed to the effect that the property conveyed is the same as "tract 2" of the property conveyed to the defendants' predecessor, which would include the remnant of property at issue.

The description in defendants' deed provides:

SITUATE in the 10th Civil District of Greene County, Tennessee, and being more particularly described as follows:

Tract I:
BEGINNING at an iron pin Southern edge of Tusculum Blvd.; thence with right of way of Tusculum Blvd., North 66 deg. 30 min. East 74.91 feet to an iron pin; thence South 23 deg. 31 min. East 67.93 feet to an iron pin Northern right of way Temple Street; thence with Northern right of way Temple Street South 50 deg. 01 min. West 78.24 feet to an iron pin; thence North 23 deg. 26 min. West 90.13 feet to the point of BEGINNING, according to September 20, 1996 survey of David S. Albert, Albert Land Surveying, Tennessee Certificate No. 400.

Tract II:
BEGINNING at an iron pin South right of way Tusculum Blvd. Corner to Tract I, herein above described; thence with Southern right of way Tusculum Blvd. North 66 deg 30 min. East 155.94 feet to an iron pin Intersection of Temple Street and Tusculum Blvd.; thence with Northern right of way of Temple Street South 25 deg. 44 min. West 42.16 feet to an iron pin; thence South 48 deg. 27 min. West 130.41 feet to an iron pin, corner to Tract I; thence with divisional line with Tract I, North 23 deg. 31 min. West 67.93 feet to the point of BEGINNING, according to September 20, 1996 survey of David S. Albert, Albert Land Surveying, Tennessee Certificate No. 400.

BEING Tract No. 2 of the same property conveyed to J. W. Burkey and wife, Hattie S. Burkey, by deed of John D. Solomon, Clerk and Master, dated July 11, 1972, and being found of record in Deed Book 346, page 435. Further, reference is made to Deed of record in Deed Book 292, page 273, in said Register's Office. J.W. Burkey predeceased his wife, Hattie S. Burkey, leaving her as sole surviving tenant by Entirety.

Plaintiff relies on the general rule that where a conflict exists between the granting clause of a deed and subsequent clauses, the granting clause will prevail, citing *Phoenix Mut. Life Ins. Co. v. Kingston Bank & Trust Co.*, 111 S.W.2d 381, 172 Tenn. 335 (Tenn. 1938). Defendants insist that the general rule in the *Phoenix Mut. Life Ins. Co.* case is not applicable to the facts of this case, but rather a rule set forth in *Byrd v. Phillips*, 111 S.W.2d 1109, 120 Tenn. 14 (1908) is

applicable and that a reference to another grant or conveyance in the deed passes title to the extent of the description in the prior document.

In this deed, the land intended to be conveyed was described with sufficient certainty and definiteness to establish its location and the extent of the conveyance, as set forth by metes and bounds in the description. That description contains no ambiguity, and there is no requirement to look at the referenced deed. We can ascertain no intent from the deed to rely upon the legal description in the prior instrument to establish the amount of property conveyed in the deed. But, assuming *arguendo*, the reference to the prior title establishes a conflict, the rule of construction set forth in *Phoenix Mutual Ins. Co.* is applicable.

We reverse the Judgment of the Trial Court on this issue and remand for further proceedings consistent with this Opinion. The cost of the appeal is assessed to Jack Cobble and Brenda K. Cobble.

_____
HERSCHEL PICKENS FRANKS, J.